UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOPOLDO DAVID UZURIAGA BRAVO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00653-DAD-DMC<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On January 26, 2026, petitioner Leopoldo David Uzuriaga Bravo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") and requesting a court order immediately releasing him from respondents' custody, enjoining respondents from re-detaining him absent a hearing before a neutral arbiter, and awarding attorney's fees and costs pursuant to 28 U.S.C. § 2412. (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order (Doc. No. 2), and the court set a briefing schedule as to the motion, directing respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Perez v. Albarran*, No. 1:25-cv-

/////

1   01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *O.A.C.S. v. Wofford*,
2   No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025).  (Doc. No. 4.)

On January 28, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order and petition for writ of habeas corpus.  (Doc. No. 8.)  Respondents concede therein that this case is not substantively distinguishable from the circumstances addressed in court's prior orders in *Perez* and *O.A.C.S.*  (*Id.* at 2.)  Respondents also request adjudication of the underlying habeas petition without further briefing, and do not request a hearing.  (*Id.* at 1.)

Because respondents have conceded that this case is not substantively distinguishable from the situation addressed in this court's prior orders in *Perez* and *O.A.C.S.*, the court incorporates and adopts the reasoning set forth in those orders.

For the reasons explained above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED, in part, as follows:

    a.  Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on November 18, 2025;

    b.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating that petitioner is a danger to the community or a flight risk;

    c.  Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion for fees and costs;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

/////

1      4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

2      5.      The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 29, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE